NOT RECOMMENDED FOR PUBLICATION
File Name: 24a0247n.06

No. 24-1072

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jun 06, 2024
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| In re: DONALD R. VISSER; DONOVAN J. VISSER; VISSER AND ASSOCIATES, PLLC, | ) ) ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MICHIGAN |
| Petitioners - Appellants. | ) ) ) ) | OPINION |

Before: KETHLEDGE, READLER, and BLOOMEKATZ, Circuit Judges.

PER CURIAM. Visser and Associates, PLLC, along with Donald and Donovan Visser (collectively "Visser"), appeal the district court's order of formal reprimand for conduct described in another opinion released today. *See Wayside Church, et al. v. Van Buren County, et al.*, No. 23-1471, slip. op. (6th Cir. June 6, 2024). In this opinion we address only Visser's appeal from the district court's order of reprimand for violating Rule 4.2(a) of the Michigan Rules of Professional Conduct, which bars attorneys from communicating "about the subject of the representation with a person whom" they know "to be represented in the matter[.]" Mich. R. Pro. Conduct 4.2(a).

In the order of formal reprimand, the district court found that Visser had "knowingly" violated Rule 4.2 when it sent solicitation letters to several named plaintiffs, each of whom was represented by class counsel at the time Visser sent the letters. Per the Western District's Local Rules, Visser appealed that order to the Chief Judge Hala Jarbou, who denied Visser's petition for review. We have considered Visser's arguments in favor of reversal, and affirm for substantially the reasons stated by the Chief Judge in her notably thorough opinion.

Visser first argues that the district court abused its discretion when, in April 2023, it ordered Visser to show cause why it "did not violate the Michigan Rules of Professional Conduct." Specifically, Visser says that, instead of entering a show-cause order, the district court should have "referred the matter" to the Chief Judge of the Western District so that she (instead of the district judge assigned to this case) could determine whether Visser had violated an ethical rule. *See* Appellant Br. at 7-13. But Visser did not make this argument in its petition for review. And in any event Local Rule 2.3 expressly provides that, when it "appears" to the district court that an attorney has violated an ethical rule, the court may either "refer the matter to the Chief Judge" or may "order the attorney to show cause[.]" W.D. Mich. Local Rule. 2.3(d). Here, Visser gives us no reason to think that the district court abused its discretion when it chose the latter option—which indeed is expressly contemplated by the rule itself.

Visser next argues that the district court violated its rights to procedural due process during the show-cause hearing. We reject those arguments for the reasons stated by the Chief Judge: the district court expressly disregarded the additional solicitation letters that the plaintiffs introduced at the show-cause hearing; and Visser had ample notice that the district court might consider the relevance of its conduct in another class-action lawsuit (namely, *Fox v. Saginaw County*, No. 1:19-cv-11887-TLL-PTM) when determining whether Visser had "knowingly" committed an ethical violation.

Visser's remaining argument is that Rule 4.2(a) is unconstitutional as applied to Visser. Suffice it to say we reject that argument for the reasons stated by the Chief Judge.

The district court's order of formal reprimand is affirmed.